Zhu v. Garland

BIA
A201 014 833

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

HUILIN ZHU,
> *Petitioner,*

> v.                                    20-2217
>                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Zhen Liang Li, Law Offices of
                        Zhen Liang Li, New York, NY.

FOR RESPONDENT:         Brian Boynton, Acting Assistant
                        Attorney General; Greg D. Mack,
                        Senior Litigation Counsel;
                        Madeline Henley, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of
                        Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huilin Zhu, a native and citizen of the People's Republic of China, seeks review of a June 15, 2020, decision of the BIA denying her motion to reopen. *In re Huilin Zhu,* No. A 201 014 833 (B.I.A. June 15, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). The BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought." *INS v. Abudu*, 485 U.S. 94, 104 (1988). Accordingly, contrary to Zhu's position, the BIA did not engage in improper factfinding by considering her prima facie eligibility for adjustment of status.

Zhu sought reopening to apply to adjust to lawful permanent resident status based on her marriage to a U.S.

citizen after the entry of her removal order.  The BIA did not abuse its discretion in denying Zhu's motion to reopen.

Because she sought reopening based on a marriage that occurred after her removal order, Zhu had to "present[] clear and convincing evidence indicating a strong likelihood that [her] marriage is bona fide," *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (B.I.A. 2002), meaning that it was not entered into "for the purpose of evading the immigration laws," 8 C.F.R. § 204.2(a)(1)(ii).

We find no abuse of discretion in the BIA's conclusion that Zhu failed to establish her prima facie eligibility for adjustment based on her marriage.  The BIA reasonably gave limited weight to Zhu's affidavits because they were brief, vague, and not corroborated by objective evidence, and her undated and uncaptioned photographs did not establish that her marriage was bona fide.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").  Although the BIA did not explicitly address a bank verification letter dated shortly after the wedding showing that Zhu and her husband were joint account

3

holders, Zhu does not mention the bank statement in her brief and without other credible corroborating evidence the BIA's failure to acknowledge the form is not a sufficient basis to find an abuse of discretion. *See Matter of Laureano*, 19 I. & N. Dec. 1, 3 (B.I.A. 1983) (holding that when determining whether a marriage is bona fide, the agency may consider "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

4